# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARC McGOWAN,                                         CASE NO.:

    Plaintiff,

v.

ACCUTECH CONSTRUCTION, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

Plaintiff, MARC McGOWAN ("Plaintiff" or "Mr. McGowan"), by and through his undersigned counsel, files this Complaint against Defendant, ACCUTECH CONSTRUCTION, INC. ("Defendant" or "ACI"), and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2. Mr. McGowan was an employee who performed services on behalf

1

of Defendant in Orange County, Florida, and nearby/adjacent counties.

3. ACI is a Florida profit corporation located in Apopka, Orange County, Florida, and which, at all times relevant, performed work in Orange County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Orange County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Brevard County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a construction company in Apopka, Orange County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as tools, wheelbarrows, shovels, etc., but which had come to rest within its warehouse location in Orange County, Florida.

16. At all times material hereto, the work performed by Plaintiff was

directly essential to the business performed by Defendant, in that Defendant could not operate its business without Field Superintendents like Plaintiff.

## FACTUAL ALLEGATIONS

17. Mr. McGowan worked for Defendant, most recently under the title of Field Superintendent, from March of 2020 until his separation from Defendant on September 12, 2022.

18. Mr. McGowan was paid a salary of $93,000.00 per year during his time with Defendant.

19. From March of 2020 until on or about September 12, 2022, Mr. McGowan routinely worked fifty (50) or more hours per week for ACI, but was not paid the proper overtime premium by ACI for his hours of overtime worked.

20. Mr. McGowan always worked in Orange County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

21. Mr. McGowan had no authority to fire employees of ACI.

22. Mr. McGowan had no authority to discipline employees of ACI.

23. Mr. McGowan had no authority to set rates of pay for other employees or agents of ACI, or award them raises.

24. Mr. McGowan never completed performance reviews of ACI employees.

25. All of Mr. McGowan's major decisions or requests, including the simplest day laborer requests, had to be cleared in advance by one of ACI's managers or supervisors.

26. Mr. McGowan was closely monitored by ACI managers and supervisors at all times.

27. Mr. McGowan followed procedures and guidelines established by ACI and exercised little autonomy or judgment on a routine basis.

28. The overwhelming amount of Mr. McGowan's primary duties were to perform construction work, carpentry work, offload materials, and perform miscellaneous physical labor tasks.

29. Mr. McGowan was regularly required to clock in and out when working for ACI, and was clock-watched closely by ACI managers and supervisors, despite being compensated on a salary basis.

30. The primary value that ACI placed on Mr. McGowan was his services as a construction worker; his "managerial" duties were limited or nonexistent, and of distinctly secondary value to ACI.

31. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

32. Plaintiff regularly worked fifty (50) or more hours per week for Defendant during his employment with Defendant.

33. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

34. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff has worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

35. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay

structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

38.  Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

39.  Based on the allegations in Paragraphs 36-38, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

40.  Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

41.  Plaintiff re-incorporates and re-alleges paragraphs 1 through 40 of the Complaint as though set forth fully herein, and further alleges as follows:

42.  Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

43. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

44. Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA, notwithstanding Defendant's mischaracterization of Plaintiff as some sort of "Superintendent."

45. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff suffered damages, in addition to incurring reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein were in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the

overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 6th day of December, 2022.

Respectfully Submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*